```
 1  Mark D. Estle, SBN 135004
    Erica T. Loftis, SBN 259286
 2  Kristen C. Kish, SBN # 295194
    Buckley Madole, P.C.
 3  12526 High Bluff Drive, Suite 238
    San Diego, CA 92130
 4  Telephone: 858-720-0890
    Fax: 858-720-0092
 5  Mark.Estle@BuckleyMadole.com
    Erica.Loftis@BuckleyMadole.com
 6  Kristen.Kish@BuckleyMadole.com

 7  Attorneys for Wells Fargo Bank, N.A.
```

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| In re: | Case No. 16-41393 |
|---|---|
| | Chapter 13 |
| DOUGLAS WADLEY | R.S. No.: ETL- 1579 |
| | **MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY** |
| | Hearing: |
| | Date: August 31, 2016 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 201 |
| |         1300 Clay Street, 2nd floor |
| |         Oakland, CA 94612 |
| Debtor, | |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

Wells Fargo Bank, NA ("Movant") hereby moves for an Order granting in rem relief from the automatic stay, pursuant to 11 U.S.C. § 362, as to the Debtor and the Debtor's bankruptcy estate in the above-captioned matter so that the Movant may enforce its remedies against the property in accordance with applicable non-bankruptcy law on the real property commonly known as 465 479 35th Street, Richmond, California 94805 (the "Property").

///

///

## RELIEF SOUGHT

The Movant hereby moves for an Order granting relief from the automatic stay on the following grounds:

1. **Pursuant to 11 U.S.C. § 362(d)(4), the filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy case filings by the Debtor:** The evidence establishes that the Debtor has caused to be commenced no less than three voluntary Chapter 13 petitions affecting the Movant's interest in the Property, that have only worked to prevent it from exercising its lawful state law remedy to foreclose given the substantial default. Accordingly, the Movant is entitled to relief pursuant to 11 U.S.C. § 362(d)(4).

2. **Pursuant to 11 U.S.C. § 362(d)(1), the Movant's interest is not adequately protected as payments have not been made for nearly 30 months:** The evidence establishes that, as of July 15, 2016, thirty (30) payments have not been made to the Movant, two of which became due and owing post-petition. Therefore, the Movant's interest in the Property is not adequately protected and the Movant is entitled to relief pursuant to 11 U.S.C. § 362(d)(1).

The Movant submits the attached Declaration and Memorandum of Point & Authorities, as well as the Exhibits filed in support of this Motion.

**WHEREFORE**, the Movant prays that this Court issues an Order as follows:

1. An Order Granting Relief from the Automatic Stay to allow the Movant, its successors, transferees, and assigns, to proceed under applicable non-bankruptcy law to enforce its remedies against the Property.

2. That if recorded in compliance with applicable state law governing notices of interest or liens in real property, the Order granting this Motion be binding and effective under 11 U.S.C. §362(d)(4) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of the Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of the Order for indexing and recording.

3. The Order be binding and effective despite any conversion of this bankruptcy case to a case

under any other chapter of Title 11 of the United States Code.

4. The 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

5. The Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. The Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

6. If relief from stay is not granted, the Movant respectfully requests the Court to order adequate protection.

7. Any further relief as the Court deems just and proper.

Dated: August 16, 2016

Respectfully Submitted,
Buckley Madole, P.C.

By: */s/ Erica T. Loftis*
Erica T. Loftis